IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BRANDON NEELY,

    Plaintiff,

v.                                                            CASE NO. 5:13-cv-316-RS-GRJ

SGT. PARRA, et al,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate in the custody of the Florida Department of Corrections, initiated this case by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983. Doc. 4. The case is presently before the Court on Defendants' motion to dismiss. Doc. 14. Plaintiff has filed a response in opposition to the motion, as well as an additional, belated response, which has been considered by the Court, and therefore this matter is ripe for review. Docs. 16, 17. For the following reasons, the undersigned recommends that the motion to dismiss be granted in part and denied in part.

### I. PLAINTIFF'S ALLEGATIONS

The allegations of the complaint arise from an event on July 28, 2012 at Lancaster Correctional Institution, where Plaintiff was then incarcerated. While being taken to medical for a pre-confinement check, Plaintiff was beaten by Defendant Parra, who slapped him and punched him in the face while Plaintiff was handcuffed. Defendant Sanders assisted in the beating by slapping and punching Plaintiff. Defendant Captain Swain also entered Medical and spit in Plaintiff's face and told him

to shut up, and did not stop the beating.  Nurse McCormick[1] stood by and watched Plaintiff being physically beaten, while asking him questions.

Plaintiff states that as a result of the beating, his eyes were swollen shut, his rubs were bruised, his lip was "busted" and his tail bone was bruised as a result of the beating.

Plaintiff states that he now suffers from permanent damage to his eye, his tail bone is bruised, and he has a "genuine mistrust" of prison officials since the beating.

Plaintiff seeks an award of monetary damages against Defendants Parra and Sanders for violating his Eighth Amendment right to be free from cruel and unusual punishment, and against Defendants Sapp and McCormick, who allegedly witnessed the events and failed to protect him from abuse.

## II.  DEFENDANTS' MOTIONS TO DISMISS

Defendants contend that dismissal is warranted on the following grounds: (1) Defendants are immune from suit in their official capacities; (2) Plaintiff's claims against Defendants Sapp and McCormick fail to state a claim for violation of the Eighth Amendment; and (3) Plaintiff's claims for compensatory and punitive damages are barred by the physical injury requirement of 42 U.S.C. § 1997e(e).  Doc. 14.  Notably, Defendants do not explicitly move for the dismissal of Defendants Parra and Sanders in their individual capacities, but rather argue that because Plaintiff's claims for compensatory and punitive damages are barred by the physical injury requirement of

---

[1]Nurse McCormick is misidentified in Plaintiff's complaint as "McClurry." The **Clerk** is directed to change the docket to reflect the correct spelling of her name.

*Case No: 5:14-cv-316-RS-GRJ*

42 U.S.C. § 1997e(e), that the complaint should be dismissed.

## III.  STANDARD OF REVIEW

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate." *Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv.*, 400 F.2d 465, 471 (5th Cir. 1968).  For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *See, e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir.1994). Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits.  Fed R. Civ. P. 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir.1993).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), the Supreme Court articulated a two-pronged approach for evaluating a motion to dismiss under Rule 12(b)(6): The court must first determine what factual allegations in the complaint are entitled to a presumption of veracity, and then assess whether these facts give rise to an entitlement for relief.  In determining whether factual allegations are entitled to the presumption of truth, the Court stated that it was not whether the facts are "unrealistic or nonsensical" or even "extravagantly fanciful," but rather it is their conclusory nature that "disentitles them to the presumption of truth." *Iqbal*, 556 U.S. at 681. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007).

"While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. Saint Lucie County School Bd.,* 399 Fed. App'x. 563, 565 (11th Cir. 2010)(citations omitted) (applying pleading standards of *Iqbal* and *Twombly* to *pro se* complaint).

## IV. DISCUSSION

### A. Defendants are Immune from Suit in their Official Capacities

To the extent that Plaintiff intends to sue Defendants in their official capacities, Defendants request dismissal of such claims. The law is well settled that a suit against a state employee in his or her official capacity is deemed to be a suit against the state for Eleventh Amendment purposes. *Will .v Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989). Therefore, under the Eleventh Amendment, when state officials are sued for damages in their official capacity, the state officials are immune from suit in federal court. *Jackson v. Georgia Dep't. of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994). Plaintiff does not request injunctive relief. Accordingly, to the extent that Plaintiff attempts to sue Defendants in their official capacities, Plaintiff's claims against all Defendants in their official capacities are due to be dismissed.

### B. Claims Against Defendants Sapp and McCormick

Defendants contend that Plaintiff has failed to state a claim against Defendant Sapp and Defendant McCormick, and his claims against them should be dismissed. According to Defendants, Plaintiff's claim that Defendant Sapp spit on him and verbally threatened him, is conduct that is insufficient to give rise to a claim under the Eighth Amendment. Defendants also argue Plaintiff has failed to state a claim against

Defendant McCormick because she was not personally involved in the beating of Plaintiff, and because Plaintiff has failed to allege that Nurse McCormick was in a position to intervene to stop the beating.

Although verbal abuse alone is insufficient to state a constitutional claim,[2] the allegations of the complaint are sufficient to state a claim against both Defendant Sapp and Defendant McCormick for failure to intervene in violation of the Eighth Amendment. An officer who witnesses the use of excessive force and fails to intervene can be liable for this failure. *Hadley v. Gutierrez*, 526 F.3d 1324, 1331 (11th Cir. 2008). The facts must demonstrate that the non-intervening officer was actually in a position to intervene and failed to do so. *Id.* at 1320. The Eleventh Circuit has stated that "[i]f a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983." *Ensley v. Soper*, 142 F.3d 1402, 1407 (11th Cir. 1998)(*citing Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir.1986)); *see also Clark v. Argutto*, 221 Fed. App'x. 819, 826 (11th Cir. 2007).

Plaintiff alleges that "at approximately 8 am," the same time that he alleges the beating took place, Defendant Sapp entered medical and "instead of stopping Plaintiff from being beaten," Defendant Sapp spit in his face, told him to shut up, and threatened that "they would kill [his] black ass" if Plaintiff ever said anything about what happened. Plaintiff alleges that Defendant McCormick was asking him questions and "stood by and watched" him being beaten. He alleges she observed the beating but did

---

[2]*Hernandez v. Florida Dept. Of Corrections*, 281 F. App'x 862, 866 (11 th Cir. 2008).

*Case No: 5:14-cv-316-RS-GRJ*

not take any action to stop the beating or intervene in any way.

Taking the allegations of the complaint in the light most favorable to Plaintiff, if Defendant McCormick was close enough to Plaintiff to ask him questions, she was in close proximity to Plaintiff, and accordingly was in a position to intervene. *Cf. Ensley v. Soper*, 142 F.3d 1402, 1407-08 (11th Cir. 1998) (officer that did not observe the use of excessive force is not in a position to intervene). Plaintiff also explicitly alleges that Defendant McCormick "stood by" and observed him being beaten. Defendant Sapp was close enough to Plaintiff to spit on him, and threaten to kill him and, thus, also was in a position to intervene. Accordingly, Defendants' motion to dismiss Plaintiff's Eighth Amendment claims against Defendant Sapp and Defendant McCormick should be denied.

**C.    Plaintiff's Claims for Compensatory and Punitive Damages**

Defendants argue that Plaintiff's claims for compensatory and punitive damages are barred because he has not alleged the requisite physical injury, and thus the complaint should be dismissed. It is well-established that Plaintiff "must demonstrate a physical injury that is more than *de minimis* in order to recover compensatory or punitive damages for mental or emotional injury suffered while in custody." *Hale v. Secretary for Dept. Of Corrections*, 345 Fed. Appx. 489, 491 (11th Cir. 2009) (*per curiam*); 42 U.S.C. § 1997e(e). Plaintiff has alleged that his ribs and tail bone were bruised, that his eyes were swollen shut, his lip was "busted," and that he suffers from permanent damage to his eye from the alleged beating. Defendants argue that these physical injuries are *de minimis* and cannot support an award of compensatory or punitive damages.

An injury is not *de minimis* simply because it does not require extensive medical treatment.  As the Supreme Court has explained, the "core judicial inquiry" in evaluating a claim for excessive force is not "whether a certain quantum of injury was sustained, but rather 'whether force was applied in good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilkins v. Gaddy*, 559 U.S. 34 (2010) (quoting *Husdon v. McMillian*, 203 U.S. 1, 7 (1992.))  There is no suggestion in this case that the alleged use of force was carried out in a good-faith effort to maintain or restore order, but rather was completely gratuitous and happened while Plaintiff was handcuffed and in the medical area.

Plaintiff has alleged that his ribs and tail bone were bruised, that his eyes were swollen shut, his lip was "busted," and that he suffers from permanent damage to his eye from the alleged beating.  Although Plaintiff could have provided further factual details on the exact injuries caused by the beating, the Court, nonetheless, concludes that Plaintiff's allegations of permanent and ongoing physical injury as a result of the beating are sufficient to support a claim for compensatory and punitive damages, at least at this early stage in the case.  Accordingly, the undersigned recommends that the motion to dismiss Plaintiff's claim for compensatory and punitive damages should be denied.

## V.  CONCLUSION

In light of the foregoing, it is respectfully **RECOMMENDED**:

1. Defendants' motion to dismiss, Doc. 14, should be **GRANTED in part** and **DENIED in part.**

2. Defendants' motion to dismiss the official capacity claims against each

Defendant should be **GRANTED**.

3. Defendants' motion to dismiss Plaintiff's Eighth Amendment claims against Defendants in their individual capacities should be **DENIED**.

4. This case should be remanded to the undersigned for further proceedings.

**IN CHAMBERS,** at Gainesville, Florida, this 7th day of January 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**