IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BRANDON NEELY,

    Plaintiff,

v.                                            CASE NO. 5:13cv316-RH/GRJ

SGT. PARRA et al.,

    Defendants.

_____/

## ORDER DENYING SUMMARY JUDGMENT
## AND SETTING THE TRIAL

The plaintiff is a prisoner in the Florida Department of Corrections. He has sworn that while he was handcuffed, two correctional officials punched him, a third spit on him, and a nurse stood by and let it happen, all for no legitimate reason. The plaintiff has sued the three officials and the nurse, asserting claims under 42 U.S.C. § 1983 and the Eighth Amendment.

The defendants have moved for summary judgment. They have sworn that the alleged assaults simply did not happen. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 33, and the objections, ECF No. 34. I have reviewed the issues de novo.

Case No. 5:13cv316-RH/GRJ

This is a classic case in which summary judgment is *not* appropriate. If the plaintiff's sworn testimony is true, the defendants violated the Eighth Amendment. If the defendants' sworn testimony is true, the defendants did not violate the Eighth Amendment. Deciding which side's testimony is true is the job of a jury, not the job of the court on a summary-judgment motion.

The defendants say they have qualified immunity, but that again turns on disputed factual issues. No correctional officer could believe that punching an inmate for no reason is constitutionally permissible. Nor could an officer with the ability to stop such an assault believe it is constitutionally permissible to stand by while an assault continues.

Finally, the defendants note that under the Prison Litigation Reform Act, a prisoner may recover damages for mental or emotional injury only if the prisoner also suffered physical injury. *See* 42 U.S.C. § 1997(e). Here the plaintiff asserts he suffered physical injury, and the record provides at least some support for the assertion; medical examinations on the day of the alleged assaults and two days later showed swelling of the plaintiff's cheek and jaw. Moreover, even if the plaintiff could not recover damages for mental or emotional injury, and even if he could not recover damages for his alleged physical injuries, he could still recover nominal damages. The defendants say the complaint does not adequately claim nominal damages, but even if that were true, I would grant leave to amend to claim

nominal damages.  The bottom line is this: the jury will be properly instructed based on the governing law, including § 1997(e), but the defendants are not entitled to summary judgment on this basis.

For these reasons,

IT IS ORDERED:

1. The summary-judgment motion, ECF No. 28, is denied.

2. The trial is set for the three-week trial period that begins on Monday, May 16, 2016.  A party with a conflict during that trial period must file a notice by March 7, 2016.

3. The clerk must set a pretrial conference by telephone for the first available date on or after April 14, 2016.

4. By March 31, 2016, each party must file a witness list and an exhibit list. No witness will be allowed to testify, and no exhibit will be admitted into evidence, unless included on a list that was properly filed.  This requirement applies to all witnesses and exhibits, including those offered only in rebuttal or for impeachment.

5. A party must provide to another party—but need not file—any witness's address and a copy of any exhibit within 14 days after the other party so requests.

6. By March 31, 2016, each party must file a report for each expert witness who will be called at trial.  The report must include a complete statement of all

opinions the witness will express and the basis and reasons for them.  No expert will be allowed to testify unless a report is properly filed.  This requirement applies to all experts, including those called only in rebuttal or for impeachment.

    7.  A party who files a list or report as required by this order must also mail a copy of the list or report to the other side.  The plaintiff must mail the list or report to the defendants' attorney.  The defendants must mail the list or report to the plaintiff himself.

    SO ORDERED on February 26, 2016.

                              s/Robert L. Hinkle
                              United States District Judge